IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hawkeye Engine Services, LLC )
)
    Plaintiff, )
)
)
v. ) Case No. 16 C 8796
)
)
Perimeter International, Inc., )
)
    Defendant. )

<u>ORDER</u>

Defendant's motion to dismiss Count I of the complaint with prejudice is denied. Plaintiff alleges that it contracted with defendant to ship an aircraft engine from Mexico to the United States, and that the engine was damaged in transit as a result of defendant's negligence. Plaintiff asserts alternative claims under the Carmack Amendment (Count I) and state contract law (Count II). Defendant urges me to dismiss Count I with prejudice on the ground that the Carmack Amendment does not apply to shipments originating overseas and delivered to the United States under single "through" bills of lading. While there appears to be no dispute that the Carmack Amendment does not apply to such shipments, I cannot determine conclusively, based on the face of the complaint and its attachments alone, that the shipment at issue travelled under a single, through bill of lading.

Defendant acknowledges that whether a bill of lading qualifies as a "through" bill of lading is a question of fact, but it asserts that in this case, the face of the bill of lading attached to the complaint conclusively shows that there can be no factual dispute. Even setting aside that most of the text printed on the bill of lading plaintiff filed is utterly illegible, the very case defendant relies upon, *Tokio Marine & Fire Ins. Co., Ltd. v. Hyundai Merchant Marine Co., Ltd.*, held that "[w]hether a particular bill so qualifies is a question of fact, and the relevant indicia include whether the final destination is designated thereon, the method by which the connecting carriers are compensated, and, more generally, the conduct of those carriers." 717 F. Supp. 1307, 1309 (N.D. Ill. 1989). Indeed, *Tokio Marine*, like nearly all of defendant's authorities examining the issue, was resolved at summary judgment or after a trial, not on a motion to dismiss. *See Capitol Converting Equipment, Inc. v. LEP Transport, Inc.*, 965 F.2d 392 (7th Cir. 1992) (affirming judgment after trial); *S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*, 695 F.2d 253 (7th Cir. 1982) (affirming judgment after trial); *LIG Ins. Co. v. ZP Transport Inc.*, No. 14 C 4007, 2015 WL 4725004, at *4 (N.D. Ill. July 31, 2015) (Norgle, J.)(summary judgment); *Tempel Steel Corp. v. Landstar Inway, Inc.*, No. 98 C 6839, 1999 WL 519412, at *4 (N.D. Ill. July 9, 1999) (Conlon, J.) (summary judgment).

It is true that in *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89 (2010), which indeed addressed a decision at the pleading stage, the Court held that "Carmack does not apply if the property is received at an overseas location under a through bill that covers the transport into an inland location in the United States." *Id*. at 103. Nevertheless, the Court explained that Carmack may apply to shipments originating overseas where the bill of lading for foreign transport ends in the United States, and the cargo owners then contract to complete a new journey with a United States origin. *Id*. at 105 (citing *Reider v. Thompson*, 339 U.S. 113, 117 (1950)); *Siemens Transformadores S.A. de C.V. v. Soo Line R. Co.*, No. 2012 WL 774937, at *4 (N.D. Ill. Mar. 7, 2012) (Lefkow, J.) (citing *Kawasaki*, 561 U.S. at 105).

Because plaintiff does not allege that it had a contract with any carrier other than defendant, and, indeed, explicitly disavows any relationship with Quiroga Trucking (one of several carriers plaintiff alleges was involved in the shipping), I am skeptical that the "new journey" situation of *Siemens* obtains here. Additionally, it may turn out, as defendant insists, that any bills of lading wholly executed within the United States, if they exist, are void for reasons explained in *Kawasaki*. *See* 561 U.S. at 102. Nevertheless, I decline to conclude, based solely on the complaint and a largely illegible bill of lading, that plaintiff has pled itself out of its Carmack claim.

**ENTER ORDER:**

_Elaine E. Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated: December 14, 2016